## COLE & a. *v.* PUTNAM.

To a plea of a discharge in bankruptcy, a replication alleging that the plaintiff was induced to take the draft in suit by the false and fraudulent representations of the defendant that he was the agent of a company, and that the draft was accepted by the company, is good; but a replication alleging merely that the defendant at the time he accepted the draft did not intend to pay it, is bad.

ASSUMPSIT, upon drafts accepted by the defendant, who pleaded in bar his discharge in bankruptcy. The plaintiffs filed two replications stated in the opinion, to which the defendant demurred.

*R. M. Wallace*, for the plaintiffs.

*A. F. Stevens*, for the defendant.

CARPENTER, J. The plaintiffs, in their first replication, allege "that the debt which they seek to recover in this action was created by the fraud of the defendant, in that he induced the plaintiffs to take said drafts by his false representations; that he was the agent of a certain company or corporation, to wit, the Lyndeborough Glass Company, and that said drafts were accepted by said glass company, whereas in truth and in fact the defendant was not the agent of said company, and the drafts were not accepted by said company, as the defendant well knew." This is a sufficient allegation that the debt was created by fraud, within the meaning of the bankrupt law. U. S. Rev. Sts., *s.* 5117; *Neal* v. *Clark*, 95 U. S. 704; *Stewart* v. *Emerson*, 52 N. H. 301.

In their second replication, the plaintiffs say "that the debt which

they seek to recover in this action was created by the fraud of the defendant, in that the defendant at the time he accepted said drafts did not intend to pay the same." This is not enough to show that the debt was created by fraud. It is not averred that the defendant induced the plaintiffs to receive the drafts by fraudulently representing or causing the plaintiffs to believe that he intended to pay them, or that he fraudulently concealed his intent not to pay them. *Stewart* v. *Emerson, supra.*

*Demurrer to the first replication overruled; to the second, sustained.*

CLARK, J., did not sit; the others concurred.